UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-22479-GAYLES/OTAZO-REYES

LINDSAY BELL, LAUREN RUBIN,
KRISTEN MCGREGOR, and HEATHER
KELTZ, individually and on behalf of those
similarly situated,

        Plaintiffs,

v.

1220 MANAGEMENT GROUP,
LLC, et al.,

        Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants' Motion to Dismiss Amended Complaint [ECF No. 43] ("Motion"). The Court has carefully reviewed the submissions of the parties and the applicable law. For the reasons that follow, Defendants' Motion is granted.

### I.  BACKGROUND

In the Second Amended Complaint [ECF No. 42], Plaintiffs Lindsay Bell, Lauren Rubin, Kristen McGregor, and Heather Keltz (collectively, "Plaintiffs") bring claims under (1) the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and (2) the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.202 ("FDUTPA") and Federal Trade Commission Act, 15 U.S.C. § 41 *et seq.* ("FTC Act") against Defendants 1220 Management Group, LLC, MH Employment Services, LLC, Menin Hotels, LLC, and Keith Menin, collectively acting as Bodega Taqueria y Tequila Bar (collectively, "Defendants").  Plaintiffs claim that Defendants engaged in an unlawful tip-pooling scheme and that they were consequently not properly paid

1

their full tips. Plaintiffs seek damages in the amount of their tip credit and any tips unlawfully taken beyond the tip credit, as well as additional damages under FDUTPA and the FTC Act.

On January 2, 2018, Defendants moved to dismiss Counts IV, VIII, XI, and XV of Plaintiffs' Second Amended Complaint asserting that Plaintiffs' FDUTPA and FTC Act claims fall directly under the FLSA and are, therefore, preempted by the FLSA.

## II.     LEGAL STANDARD

To survive a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a court must accept well-pleaded factual allegations as true, "conclusory allegations . . . are not entitled to an assumption of truth—legal conclusions must be supported by factual allegations." *Randall v. Scott*, 610 F.3d 701, 709–10 (11th Cir. 2010). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). At bottom, the question is not whether the claimant "'will ultimately prevail' . . . but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**III.     DISCUSSION**

Defendants argue that Plaintiffs' state law FDUTPA and FTC Act[1] claims "are nothing more than a state law version of Plaintiffs' FLSA Tip Credit Counts . . . and Remaining Tips Counts . . . seeking to recover Plaintiffs' tips in their entirety." [ECF No. 43, at 3]. Accordingly, Defendants assert that Plaintiffs' state law claims "fall squarely under the FLSA and therefore the FLSA preempts Counts IV, VIII, XI, and XV." [*Id.* at 2].

Plaintiffs contend that "the FDUTPA/FTC [Act] claims deal with different facts than the FLSA claim, award separate and distinct damages from those permitted under FLSA and require proof of completely different elements to succeed upon the claims as compared to a FLSA claim." [ECF No. 45, at 8]. Specifically, Plaintiffs argue that the FLSA claims are "based upon Defendants' illegal tip pooling and failure to pay Plaintiffs their proper wages," while the FDUTPA and FTC Act claims are "based upon the Defendants' unfair methods of competition . . . and unfair or deceptive acts or practices." [*Id.* at 9].

"As a matter of law, [a] plaintiff cannot circumvent the exclusive remedy prescribed by Congress in asserting equivalent state law claims in addition to the FLSA claim." *Garcia v. Nachon Enters., Inc.*, 223 F. Supp. 3d 1257, 1268 (S.D. Fla. 2016)[2] (quoting *Morrow v. Green Tree Serv'g, LLC*, 360 F. Supp. 2d 1246, 1252 (M.D. Ala. 2005)) (holding that the FLSA preempted plaintiff's state law wage and invasion-of-privacy claims). In particular, where a party's state law claims are "merely the FLSA claims recast in state law terms," those state law claims are preempted by the FLSA. *Id*.

---

[1] FDUTPA incorporates the FTC Act within Florida Statute 501.203(3)(a)-(b). This Order therefore analyzes the FDUTPA and FTC Act claims concurrently.
[2] While it is true, as Plaintiffs note, that *Garcia* was decided at the summary judgment phase, numerous cases also involving FLSA preemption of state law claims have been decided at the motion to dismiss stage. *See, e.g.*, *Bule v. Garda CL Se., Inc.*, No. 14-21898-CIV, 2014 WL 3501546 (S.D. Fla. July 14, 2014); *Choimbol v. Fairfield Resorts, Inc.*, No. 2:05cv463, 2006 WL 2631791 (E.D. Va. Sept. 11, 2006); *Petras v. Johnson*, No. 92-CIV-8298 (CSH), 1993 WL 228014 (S.D.N.Y. June 22, 1993).

In Plaintiffs' Second Amended Complaint, Counts IV, VIII, XI, and XV are all simply state law versions of Plaintiffs' FLSA claims related to Defendants' alleged illegal tip-pooling scheme. Plaintiffs contend in both the state law and FLSA counts that Defendants included other employees not customarily tipped as well as managers in the Bodega tip pool, resulting in an unfair distribution of tips and lower-than-expected wages to Bodega bartenders. Whether broadly cast as deceptive and unfair acts in violation of FDUTPA or the specific failure to pay Plaintiffs their proper wages under the FLSA, Plaintiffs' state law claims are predicated on the same facts as the FLSA claims.

Further, although the FLSA does not include express preemption language, "it is Congress' clear intent that the FLSA be 'the sole remedy available to employees for enforcement of whatever rights he may have under the FLSA.'" *Choimbol v. Fairfield Resorts, Inc.*, No. 2:05cv463, 2006 WL 2631791, at *5 (E.D. Va. Sept. 11, 2006) (quoting *Lerwill v. Inflight Motion Pictures, Inc.*, 343 F. Supp. 1027, 1029 (N.D. Cal. 1972)). And here, "[*b*]*ut for* the proscriptions of the [FLSA]," Defendants' conduct would not constitute the unlawful scheme Plaintiffs allege. *Butchers' Union, Local No. 498 v. SDC Inv., Inc.*, 631 F. Supp. 1001, 1011 (E.D. Cal. 1986). "Ultimately, a plain reading of Plaintiffs' state law claims reveal they are all, without a doubt, dependent on a finding of the same violations of the FLSA." *Bule v. Garda CL Se., Inc.*, No. 14-21898-CIV, 2014 WL 3501546, at *2 (S.D. Fla. July 14, 2014). This Court therefore rejects Plaintiffs' contention that they are "seeking to enforce rights independent of the FLSA." *Petras v. Johnson*, No. 92-CIV-8298 (CSH), 1993 WL 228014, at *3 (S.D.N.Y. June 22, 1993).

Plaintiffs' argument regarding damages is likewise unconvincing. Plaintiffs maintain that they are "seeking redress under separate claims for separate requested damages against the

Defendants." [ECF No. 45, at 10]. "[T]he FLSA has a comprehensive remedial scheme as shown by the 'express provision for private enforcement in certain carefully defined circumstances.'" *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999) (quoting *Nw. Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO*, 451 U.S. 77, 93 (1981)). "[I]n view of the FLSA's unusually elaborate enforcement scheme, there cannot be the exceptionally strong presumption against preemption of such state remedies that would be warranted if the FLSA did not provide federal remedies." *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 193 (4th Cir. 2007). In FLSA cases, therefore, Courts are more broadly focused on whether a party "duplicates [its] allegation[s] across a series of Counts . . . pursuant to both state and federal law." *Bule*, 2014 WL 3501546, at *2. While it is true that FDUTPA and the FTC Act do not "provide for specific remedies regarding minimum wage and tips," [*see* ECF No. 45, at 10], it is immaterial that Plaintiffs are seeking compensation under separate claims for separate damages against Defendants as the contested claims are still factually duplicative of the FLSA counts and based upon a violation of rights created by the FLSA.

### IV.   CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Amended Complaint [ECF No. 43] is **GRANTED**. Counts IV, VIII, XI, and XV of Plaintiff's Second Amended Complaint are **DISMISSED without prejudice**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of June, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE